UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ATLANTIC CASUALTY INSURANCE
COMPANY,

                                                                MEMORANDUM AND ORDER

                    Plaintiff,

                                                                CV 07-2174

        -against-

                                                                (Wexler, J.)

W. PARK ASSOCIATES, INC., WEST PARK
BUILDERS, INC. ABRAHAM ALEJANDRO,
and R.A.C. DRYWALL, INC.,

                    Defendants.
-----------------------------------------------------------------X

APPEARANCES:

    NIXON PEABODY LLP
    BY: SARAH S. KUTNER, ESQ.
    Attorneys for Plaintiff
    50 Jericho Quadrangle, Suite 300
    Jericho, New York 11753

    CULLEN & DYKMAN LLP
    BY: JEAN-PIERRE VAN LENT, ESQ.
    Attorneys for Defendants W. Park Associates, Inc. And West Park Builders, Inc.
    177 Montague Street
    Brooklyn, New York 11201

WEXLER, District Judge

       This is a declaratory judgment action brought by Plaintiff, Atlantic Casualty Insurance Company ("Atlantic Casualty" or "the Insurance Company"), seeking a judgment declaring that it is neither obligated to defend nor indemnify Defendant W. Park Associates, Inc. and West Park Builders Inc. (Collectively "West Park") in connection with a personal injury action now pending

1

in New York State Supreme Court (the "State Court Action"). Presently before the court is the Plaintiff Insurance company's motion for summary judgment. For the reasons that follow, the motion is granted.

## BACKGROUND

### I. The Parties, the Facts, and the State Court Action

West Park is a company engaged in the business of general contracting and was the insured in connection with a construction project at a private residence located in Bellerose, New York (the "Project"). Atlantic Casualty issued a policy of insurance to West Park with a policy period covering May 22, 2004 to May 22, 2005 (the "Policy"). Defendant R.A.C. Drywall, Inc. ("RAC") is a company hired by West Park to perform drywall work at the Project.

In the course of performing the Project, West Park hired RAC to perform various duties with respect to installation of drywall. RAC was responsible for providing all labor and materials incident to that work, including taping, spackling and application of skim coat. To carry out its duties pursuant to its contract with West Park, RAC contracted with Allied Building Supply, Inc. ("ABS") to purchase sheet rock to be used at the Project. On March 2, 2005, Abraham G. Alejandro ("Alejandro"), an ABS employee, was injured at the Project while delivering the sheet rock ordered by RAC (the "Accident"). Specifically, it is alleged that while making the ABS delivery, Alejandro fell from a ladder at the Project. Thereafter, on July 21, 2005, Alejandro commenced an action in the New York State Supreme Court, County of Suffolk, to recover for injuries sustained as a result of the Accident (the "State Court Action"). Named as defendants in the State Court Action are West Park, RAC, and the owners of the home where the work was being performed.

2

It is undisputed that Alejandro was an employee of neither West Park nor RAC. Instead, he was employed by ABS, the company hired by RAC to supply the drywall to be used at the Project. It is also clear that West Park had no contractual relationship with ABS. While Alejandro alleges that the ladder from which he fell was owned by West Park, his use of that ladder appears to have been without the knowledge or consent of West Park or RAC.

II.   The Policy and the Relevant Exclusion

As noted, the Policy was issued to West Park by Atlantic Casualty. Atlantic Casualty informed West Park that it disclaimed coverage. Nonetheless, it undertook the defense of the State Court Action on behalf of West Park pursuant to an express reservation of rights.

The particular exclusion claimed by Atlantic Casualty is a provision known as the "Independent Contractors/Subcontractors Endorsement" (the "Exclusion"). The Exclusion states that the Policy does not cover "claims, loss, costs, or expense arising out of the actions of independent contractors/subcontractors for or on behalf of any insured."

III.   The Decision to Deny Coverage and the Present Action

On August 9, 2005, less than one month after commencement of the State Court Action, Atlantic Casualty informed West Park that it was denying coverage. That decision was again communicated to West Park in September of 2005 and January of 2006. In March of 2006, opposing counsel requested that Atlantic Casualty reconsider its denial. Atlantic Casualty reconsidered the denial on June 1, 2006, and began to gather additional facts in connection with that reconsideration. Thereafter, this declaratory judgment action seeking a declaration of non-coverage was commenced. This motion for summary judgment followed.

## DISCUSSION

I.  Legal Principles

   A.  Summary Judgment Standards

To obtain summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, the party seeking judgment must demonstrate that "there is no genuine issue of any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Donohue v. Windsor Locks Bd. of Fire Comm'rs, 834 F.2d 54, 57 (2d Cir. 1987). The burden of showing the absence of any genuine dispute as to a material fact rests on the party seeking summary judgment. McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997).

   B.  Scope of the Duty to Defend and Indemnify

When determining whether an insurer has a duty to defend a particular action, the court focuses on the allegations of the underlying complaint. The duty to defend exists unless "there is no possible factual or legal basis on which the insurer will be obligated to indemnify the insured." United States Underwriters Ins. Co. v. Falcon Constr. Corp., 20054 WL 1497563 *5 (S.D.N.Y. 2004), quoting, Napoli, Kaiser & Bern, LLP v. Westport Ins. Co., 295 F. Supp.2d 335, 338 (S.D.N.Y. 2003). If claims asserted in the underlying action can be said to "rationally" fall within coverage of the policy at issue, there is an obligation to defend. Seaboard Sur. Co. v. Gilette Co., 64 N.Y.2f 304, 310 (1984); see also U.S. Underwriters Ins. Co. v. Congregation Kollel Tisereth, 2004 WL 2191050 *4 (E.D.N.Y. 2004) (insurer bears the "heavy burden of demonstrating that there is no reasonable possibility of coverage under the policy")(citation omitted). Similarly, where an exclusion is claimed, the insurer must show that the allegations in

4

the underlying complaint fall "solely and entirely within an unambiguous exclusion from the policy's coverage." U.S. Underwriters Ins. Co. v. 203-211 West 145th Street Realty Corp., 2001 WL 604060 *4 (S.D.N.Y. 2001). The burden of showing no duty to defend is on the insurer, and that burden is high. Falcon Constr. Co., 2004 WL 1497563 at *5; Kollel Tisereth, 2004 WL 2191050 *4. The duty to indemnify is narrower and exists only after a determination that the "loss, as established by the fact, is covered by the policy." Atlantic Mut. Ins. Co. v. Terk Technologies Corp., 309 A.D.2d 22, 28 (1st Dep't. 2003).

C. Timeliness of Disclaimer of Coverage

Plaintiff has submitted sufficient documentary evidence to show that its disclaimer of coverage was timely communicated to West Park as soon it is became aware of the grounds for disclaimer. Accordingly, the court rejects any argument that Plaintiff is barred from relying on the Exclusion based upon any delay in communication of its position. See Allcity Ins. Co. v. Jimenez, 576 N.Y.S.2d 87, 87 (1991) (timeliness of disclaimer measured from point in time when insurer learns the ground for denial); see also First Fin. Ins. Co. v. Jetco Contracting Corp., 769 N.Y.S.2d 459 (2003)(same).

D. The Exclusion

The exclusion said to put the underlying action outside of Atlantic Casualty's duty to defend states that the policy does not cover injury "arising out of the actions of independent contractors/subcontractors for or on behalf of any insured." This exclusion has been characterized as "clear and unambiguous." See, e.g., Kollel Tisereth, 2004 WL 2191050 *5; West 145th Street Realty, 2001 WL 604060 *4. Thus, where the facts in the underlying complaint are clear, summary judgment is an appropriate vehicle for decision. Mount Vernon

Fire Ins. Co. v. William Monier Constr. Corp., 1996 WL 447747 *3 (S.D.N.Y. 1996). The term "arising out of" the actions of an independent contractor is a "broad, general, comprehensive" term "ordinarily understood to mean originating from, incident to, or having connection with the operations performed by an independent contractor for the insured." Kollel Tisereth, 2004 WL 2191050 *6 (citation omitted).

The exclusion has been interpreted using a "but for" test. Thus, an injury is excluded from policy coverage if the loss is incurred "but for" the operations performed by the independent contractor. Kollel Tisereth, 2004 WL 2191050 *6; Falcon, 2004 WL 1497563 at * 5; West 145th Street Realty Corp., 2001 WL 604060 * 5-6 (S.D.N.Y. 2001). Stated differently, if no injury could have occurred without the activity excluded by the policy, there is no coverage. U.S. Underwriters Inc. Co. v. Zeugma Corp., 633679 *3 (S.D.N.Y. 1998); cf. Mount Vernon Fire Ins. Co. v. Creative Housing Ltd., 645 N.Y.S.2d 433, 434 (1996) (construing assault and battery exclusion to include claim for negligent supervision where no cause of action against insured would lie in the absence of the claimed assault).

II. Disposition of the Motion

Application of the law in light of the undisputed facts here leads the court to conclude, as a matter of law, that the Exclusion applies and Plaintiff has neither the duty to defend nor indemnify West Park. While liability is not clear, certain facts are. The injury to Mr. Alejandro occurred while he was employed by ABS to deliver materials to the Project. ABS was hired to deliver materials by RAC, a contractor for the insured. Had the contractor RAC not been hired by West Park, Mr. Alejandro would not have been at the Project and the accident would not have occurred. Accordingly, it can be concluded that "but for" the actions of the contractor, the

Accident leading to the State Court Action would not have occurred. Therefore, the application of the Exclusion is clear.

Even if the complaint set forth particular factual allegations against West Park, and it does not, those allegations would not take this case outside of the Exclusion. The "but for" test articulated by the New York Court of Appeals requires a conclusion that, but for the acts of contractor RAC Drywall hiring ABS to deliver materials to the site, the accident forming the basis for the complaint in the underlying state action would not have occurred. See West 145th Street Realty, 2001 WL 604060 *5. That is the case here.

Because the Exclusion in the Policy applies clearly to the undisputed facts herein, the court holds that American Casualty has neither the duty to defend nor indemnify West Park. The motion for summary judgment is therefore granted.

## CONCLUSION

Plaintiff's motion for summary judgment is granted. This court declares that American Casualty has no duty to defend or indemnify West Park in connection with a matter commenced by Abraham Alejandro that is now pending in the Supreme Court of the State of New York, County of Suffolk, under Index Number 17406/05. The Clerk of the Court is directed to terminate the motion for summary judgment and any other motions pending herein and to close the file in this case.

SO ORDERED:

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Central Islip, New York
November 4, 2008